United States District Court
Northern District of Indiana
Hammond Division

RICHARD D. DOERMER, individually and
derivatively on behalf of the DOERMER
FAMILY FOUNDATION, INC.,

    Plaintiff,
v.

Case No.: 2:15-CV-154 JVB

KATHRYN D. CALLEN, PHYLLIS J.
ALBERTS, JOHN MICHAEL CALLEN,
DOERMER FAMILY FOUNDATION, INC.,
and UNIVERSITY OF ST. FRANCIS OF
FORT WAYNE, INDIANA, INC.,

    Defendants.

**OPINION AND ORDER**

**I.**

Plaintiff Richard Doermer is one of the directors of the Doermer Family Foundation, Inc., an Indiana nonprofit corporation located in Fort Wayne. The Foundation was established in 1990 by Plaintiff's parents, Richard T. Doermer and Mary Louise Dormer. Plaintiff, his parents, and Plaintiff's sister, Defendant Kathryn Callen, were designated as directors for life. In 2000, Plaintiff's mother died. In early 2010, the remaining three directors elected Defendant Phyllis Alberts as a fourth director, appointing her to a three-year term running through January 28, 2013. Plaintiff's father died nine months later, leaving the Foundation with three directors: Plaintiff, Kathryn, and Phyllis. Later, over the objection of Plaintiff, another director, John Callen, was added to the Board.

1

Plaintiff sued the Foundation, Kathryn, Phyllis, and John claiming that the addition of John and that Phyllis continuing to represent herself as a board member violates the Foundation's bylaws and Indiana statutes. In particular, Plaintiff believes that because the Board took no action before January 28, 2013, the day Phyllis's three-year term ended, her appointment ended and any subsequent vote by Phyllis on behalf of the Foundation was unauthorized. According to Plaintiff, since January 28, 2013, the Foundation has had only two directors: himself and Kathryn. And since the bylaws require that the Board have at least three directors, the Board was no longer legally constituted. Consequently, charitable distributions of the Foundation's money to various groups, including Defendant University of St. Francis, were unlawful.

In addition, Plaintiff alleges that Kathryn has a conflict of interest in voting for the grants to be awarded to University of St. Francis because she sits on the board of the University. He submits that all distributions to the University constitute unjust enrichment. Plaintiff seeks an injunction against Kathryn, Phyllis, and John, prohibiting them from acting as directors on behalf of the Foundation. He also asks that the Court appoint a third director so the Board is properly constituted and compliant with the Foundation's articles and Indiana law.

All defendants have moved for this case to be dismissed; those motions will be granted.

## II.

In its motion to dismiss, the Foundation argues that Plaintiff does not have standing to bring a derivative suit on the Foundation's behalf because he is not a member of the Foundation; in fact, the Foundation has no members at all. In addition, the Foundation argues that his lawsuit

2

is premature because Plaintiff hasn't made a demand on the Foundation's Board before filing suit and has not plead with particularity facts showing that a demand would have been futile.

Likewise, according to the Foundation, Plaintiff's suit in his personal capacity fails as well. First, he cannot recover for harm the Foundation allegedly suffered: any such recovery is for the Foundation to decide. Nor can he prevail against the other Board members under his theory that Phyllis's authority to serve on the Board expired with the passing of the three-year term.

Although they add some arguments of their own, University of St. Francis and Kathryn, Phyllis, and John essentially second the Foundation's arguments.

### A. Plaintiff's Derivative Claims

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a case when the court lacks subject-matter jurisdiction, such as when Plaintiff lacks standing to sue. "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues.'" *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir.1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). As a jurisdictional requirement, the plaintiff bears the burden of establishing standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

"[P]laintiffs' standing to prosecute their claimed derivative action for the benefit of the corporation depends upon the resolution of their claims to membership status." *Brenner v. Powers*, 584 N.E.2d 569, 576 (Ind. Ct. App. 1992); *see also* Fed. R. Civ. P 23.1 ("This rule

applies when one or more shareholders or members of a corporation . . . bring a derivative action to enforce the right that the corporation . . . may properly assert but has failed to enforce."); *and* Ind. R. Trial P. 23.1 (". . . the complaint shall be verified and shall allege that the plaintiff was a shareholder or member or holder of an interest, legal or equitable, in such shares or membership at the time of the transaction or any part thereof of which he complains or that his share or membership thereafter devolved on him by operation of law . . .")

According to the Complaint, Plaintiff is bringing a derivative action as a one of the Foundation's directors. But directors have no such right under Indiana law. *Dotlich v. Dotlich*, 475 N.E.2d 331, 339 (Ind. Ct. App. 1985) ("Indiana has no statute expressly authorizing directors to maintain derivative suits on behalf of their corporation.") abrogated on other grounds by *State Bd. of Tax Comm'rs v. Town of St. John*, 751 N.E.2d 657 (Ind. 2001). As noted above, only members and shareholders enjoy such rights. Yet, Plaintiff is neither; in fact, the Foundation has no members at all.

Plaintiff insists, however, that equity requires that he be allowed to bring a derivative suit to protect the corporation because there's no one else to do that. However, none of the cases he cites support him. For example, *Kirtley v. McClelland*, 562 N.E.2d 27, 29 (Ind. Ct. App. 1990), takes for granted that only members or shareholders can bring a derivative suit, *id.* at 30 ("That [derivative action] remedy remains available to members of nonprofit corporations is reflected in the text of T.R. 23.1."). The only real question there was whether a derivative suit can be brought against a non-profit corporation. *Id*. at 29. Similarly, *Dotlich* does not say that a director may bring a derivative suit; rather, it says that a shareholder who is also a director should not be "barred from suing on behalf of the corporation just because he is a director." Without being a

member or a shareholder Plaintiff may not sue on behalf of the Foundation under these circumstances.

Moreover, even if such suit were allowed, Plaintiff would have had to make "a formal demand upon corporation's board of directors" or show "that such a demand would be futile." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 647 (7th Cir. 2006). "The underlying rationale for these requirements is that corporate directors are presumed to have the best interests of a corporation in mind and therefore should have an initial opportunity to investigate the merits of a potential lawsuit and respond accordingly." *Id*. Plaintiff concedes that he made no demand upon the board but argues that any demand would have been futile because the Foundation's Board has only two lawful directors, him and Kathryn, whereas at least three directors are required under Indiana law. Moreover, Kathryn is not expected to approve of any action seeking a substantial judgment against her and to remove her as a Director.

Plaintiff's argument fails because his assumption that there are only two directors on the board is wrong. In fact, there are four. Although Phyllis's term was scheduled to expire on January 28, 2013, it continued past that date because a successor had not been elected and qualified. This is provided in both the bylaws and Indiana law. Consider the bylaws:

> Other directors[1] shall serve for three (3) years (or such period as prescribed by the Board at the time of election) and until her or his successor is elected and qualified. A the regular meeting of the Board of Directors immediately preceding the expiration of the term of any director, or at a special meeting, the Board shall elect a successor director to replace the director whose term will expire, or has expired, and each such successor director shall serve for one year (or such other period as prescribed by the Board at the time of election) and until her or his successor is elected and qualified.

---

[1] Meaning those who are not appointed for life.

(DE 32-2, Amended and Restated Bylaws at 1.)

Plaintiff insists that the Board was required by this provision to elect a successor before Phyllis's term expired. Such interpretation is flawed: if he were correct, the provision that one serve until his or her successor is elected and qualified would be superfluous. In short, the term is at least three years (or such period as prescribed by the Board at the time of election) or longer if a successor is not elected and qualified.

Indiana Code § 23-17-12-5(d) has the same rule:

> Despite the expiration of a director's term, the director continues to serve until: (1) a successor is elected, designated, or appointed and qualifies; or (2) there is a decrease in the number of directors.

Plaintiff acknowledges that nobody was elected to replace Phyllis upon the expiration of her term. Accordingly, she lawfully continued to serve as a Director and her votes, along with Kathryn's, to re-elect her as a director, and later to elect John as a Director were appropriately considered. At the time of Plaintiff's filing this lawsuit, the Board was made up of four Directors and Plaintiff's argument that his demand upon the Board would have been futile, as if he and Kathryn were the only directors, is unconvincing. For this reason and because Plaintiff is not a member of the Foundation, he is not authorized to bring derivative claims on its behalf.

### B. Plaintiff's Claims in his Personal Capacity

Defendants further argue that Plaintiff has no standing to assert individual claims for unlawful distribution, removal of director, and unjust enrichment because the alleged harms concern the Foundation, not him. Likewise, they submit that his claims fail because he cannot

show that Phyllis improperly continued to serve as a Director. They also ask that, if Plaintiff is deemed to have standing, his claims be nevertheless dismissed under Rule 12(b)(6).

In responding to Defendants' contentions, Plaintiff overlooks their argument that he cannot allege any harm to himself and instead relies on Indiana Code §§ 23-17-4-4 and 23-17-13-2-13(a) for his authority to sue on his own behalf. Yet neither of these statutes is applicable here. The first statute allows a suit by a director "where a third party has not acquired rights." Ind. Code 23-17-4-4(b). Yet, that is not Plaintiff's claim. The second statute, authorizes a court action to remove a director by at least "10 percent of the members of class entitled to vote for directors." Plaintiff considers himself to fit this definition by virtue of being able to vote for a director, but the membership here is not based on mere ability to vote for a director but on being a member of the corporation who can vote for a director. As noted above, the Foundation has no members. As a result, Plaintiff does not have standing to bring the claims that belong to the Foundation.

But even if Plaintiff had standing, he could not succeed because, as explained above, the Board is properly constituted. Furthermore, to prevail under the theory of unjust enrichment, Plaintiff "must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Coleman v. Coleman*, 949 N.E.2d 860, 866 (Ind. Ct. App. 2011). A plaintiff cannot recover "if the plaintiff did not contemplate a fee in consideration of the benefit or if the defendant could not reasonably believe the plaintiff expected a fee." *Id*. at 867. Therefore, Plaintiff cannot recover "where the benefit is officiously or gratuitously offered." *Id*.

According to the Complaint, the Foundation voted to award funds to University of St. Francis on September 4, 2013, and November 11, 2014. But there's no allegation that the

7

Foundation or anyone else reasonably expected to receive in exchange equivalent value of the awards. Rather, the distributions were grants so nothing in return could be reasonably expected. Without such expectation, Plaintiff cannot state a claim for unjust enrichment.

Similarly, Plaintiff cannot prevail in his attempt to remove Kathryn from the Board on the grounds that she breached her fiduciary duty to the Foundation. First, Kathryn committed no wrong by voting to elect either Phyllis or John. Second, her position on the board of trustees at the University of St. Francis does not preclude her from voting as a Director of the Foundation to award grants to the University. The Indiana Nonprofit Corporation Act speaks to this issue:

> [A] contract or transaction between:
> (1) a corporation and one (1) or more of the corporation's members, directors, members of a designated body, or officers; or
> (2) a corporation and any other corporation, partnership, association, or entity in which one (1) or more of the corporation's members, directors, officers, or members of a designated body:
> (A) are members, directors, members of a designated body, or officers;
> (B) hold a similar position; or
> (C) have a financial interest;
> is not void or voidable solely because of the relationship or interest, solely because the member, director, member of a designated body, or officer is present at or participates in the meeting of the board of directors that authorizes the contract or transaction, or solely because the vote of the member, director, member of a designated body, or officer is counted for authorizing the contract or transaction.

Ind. Code § 23-17-13-2.5(b).

Because Plaintiff cannot prevail on Counts 1--3 (Unlawful Distributions, Removal of Kathryn as a Director, and Unjust Enrichment), no injunction can issue so as to satisfy Plaintiff in Count 4, and any claim for appointing new directors for the Foundation as requested in Count 5 is without basis. Likewise, a motion for a Temporary Restraining Order (DE 43) received recently by the Court to prevent a meeting of the Foundation's directors must be denied.

**III.**

The Court grants the pending motions to dismiss (DEs 31, 33, and 37) and dismisses Plaintiff's complaint in its entirety.

SO ORDERED on November 9, 2015.

                                                    s/ Joseph S. Van Bokkelen
                                                    JOSEPH S. VAN BOKKELEN
                                                    UNITED STATES DISTRICT JUDGE